UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1: | Kenneth | Earl | Kirkus |
| | First Name | Middle Name | Last Name |
| Debtor 2: | Brenda | Kay | Kirkus |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

Case Number:
(If known)

SSN# Debtor 1: XXX-XX-    xxx-xx-4004

SSN# Debtor 2: XXX-XX-    xxx-xx-4129

☐ Check if this is an amended plan, and list below the sections of the plan that have changed.

# CHAPTER 13 PLAN

## Section 1: Notices.

To Debtors: This form sets out options that may be appropriate in some cases, but the presence of an option on this form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with Local Rules and judicial rulings may not be confirmable. *You must check each box that applies in § 1.1 and 1.3 below. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 4, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase money security interest will be done by separate motion or adversary proceeding. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions set out in Section 9 | ☐ Included | ☑ Not Included |

To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You will need to file a proof of claim in order to be paid under any plan. Official notice will be sent to Creditors, which will provide the name and address of the Trustee, the date and time of the meeting of creditors, and information regarding the filing of proofs of claim.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least seven days before the date set for the hearing on confirmation. You will receive notification from the Bankruptcy Court of the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

The applicable commitment period is:

☑ 36 Months

☐ 60 Months

The amount that allowed priority and non-priority unsecured claims would receive if assets were liquidated in a Chapter 7 case, after allowable exemptions, is estimated to be $ __0.00__ .

## Section 2: Payments.

2.1    The Debtor will make payments to the Trustee as follows:

**$1,620.00** per **Month** for **60** month(s)

Additional payments __NONE__

2.2  The Debtor shall commence payments to the Trustee within thirty (30) days from the date the petition was filed. If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to pay creditors as specified in this plan.

**Section 3:**    Fees and Priority Claims.

3.1  Attorney fees.

☑ The Attorney for the Debtor will be paid the presumptive base fee of $ __4500.00__ . The Attorney has received $500.00 from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will be paid a reduced fee of $_____ . The Attorney has received $_____ from the Debtor pre-petition and the remainder of the fee will be paid monthly by the Trustee as funds are available.

☐ The Attorney for the Debtor will file an application for approval of a fee in lieu of the base fee.

3.2  Trustee costs. The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

3.3  Priority Domestic Support Obligations ("DSO").

a.  ☑ None. If none is checked, the rest of Section 3.3 need not be completed or reproduced.

3.4  Other Priority Claims to be Paid by Trustee.

a.  ☑ None. If none is checked, the rest of Section 3.4 need not be completed or reproduced.

b.  To Be Paid by Trustee

| Creditor | Estimated Priority Claim |
|---|---|
| **Davidson County Tax Collector** | $0.00 |
| **Employment Security Commission** | $0.00 |
| **IRS** | $0.00 |
| **NC Department of Revenue** | $0.00 |

**Section 4:**    Secured Claims.

4.1  Real Property – Claims Secured Solely by Debtor's Principal Residence.

a.  ☐ None. If none is checked, the rest of Section 4.1 need not be completed or reproduced.
b.  ☑ Maintenance of Payments and Cure of Default.

Installment payments on the claims listed below will be maintained and any arrearage will be paid in full. Proofs of claim should reflect arrearage amounts through the petition date. For accounts that are in default, the Trustee will commence disbursements of installment payments the month after confirmation. Any filed arrearage claim will be adjusted to include post-petition installment payments through the month of confirmation.

Amounts stated on a filed proof of claim, and as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage. Additionally, the Trustee will adjust the installment payment in accordance with any Notice of Mortgage Payment Change filed under Bankruptcy Rule 3002.1.

The Trustee is authorized to pay any post-petition fee, expense, or charge for which notice is filed under Bankruptcy Rule 3002.1 if no objection is filed to such fee, expense, or charge.

| Creditor | Address of Residence | Current Y/N | Installment Payment | Estimated Arrearage Amount on Petition Date | If Current, Indicate by Debtor or Trustee |
|---|---|---|---|---|---|
| **US Bank National Association** | **157 Evergreen Circle Lexington, NC 27292 Davidson County** | No | $587.10 | $34,903.89 | Trustee |

c. ☐ Claims to be Paid in Full by Trustee

| Creditor | Address of Residence | Estimated Claim | Monthly Payment | Monthly Escrow Payment | Contractual Interest Rate |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

d. ☐ Request for Valuation to Treat Claims as Totally Unsecured. *This will be effective only if the applicable box in Section 1.1. of this plan is checked.*

| Creditor | Address of Residence | Estimated Claim | Value of Residence | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

4.2  Real Property – Claims Secured by Real Property Other Than by Debtor's Principal Residence AND Claims Secured by Debtor's Principal Residence and Additional Collateral.

a. ☑ None.  If none is checked, the rest of Section 4.2 need not be completed or reproduced.

4.3  Personal Property Secured Claims.

a. ☐ None.  If none is checked, the rest of Section 4.3 need not be completed and reproduced.

b. ☑ Claims Secured by Personal Property to be Paid in Full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| **Federal Finance** | 08 Mitsubishi and 2013 Nomad Camper | 5900.00 | 120.00 | 7.25 | | |

c. ☐ Claims Secured by Personal Property excluded from 11 U.S.C. § 506 being either (i) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for personal use of the Debtor, or (ii) incurred within one (1) year of the petition date and secured by a purchase money security interest in any other thing of value.  The filed claim must include documentation to show exclusion from 11 U.S.C. § 506 in order to be paid in full.

| Creditor | Collateral | Estimated Claim | Monthly Payment | Interest Rate | Adequate Protection Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | |

d. ☑ Request for Valuation to Treat Claims as Secured to the Value of the Collateral and Any Amount in Excess as Unsecured. *This will be effective only if the applicable box in Section 1.1 of this plan is checked.*

| Creditor | Estimated Amount of Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Monthly Payment | Interest Rate | Adequate Protectionn Payment | Number of Adequate Protection Payments |
|---|---|---|---|---|---|---|---|---|---|
| **Capital One Bank, N.A.** | $13,991.00 | 2013 Chevrolet Cruz 74000.00 miles | $7,920.00 | $0.00 | $7,920.00 | $120.00 | 7.25% | $0.00 | |

e. ☐ Maintenance of Payments and Cure of Default.

Proofs of claim should reflect arrearage through the petition date. For accounts that are in default the Trustee will commence disbursements of installment payments the month after confirmation and any filed arrearage claims will be adjusted accordingly. Amounts stated on a proof of claim as adjusted to include post-petition payments through the month of confirmation, will control over any contrary amounts listed below for the installment payment and the arrearage.

| Creditor | Collateral | Installment Payment | Estimated Arrearage Amount on Petition Date |
|---|---|---|---|
| -NONE- | | | |

The Debtor requests that the Court determine the value of the secured claims listed as set forth in Sections 4.1.d, 4.2.d, and 4.3.d as applicable. For each non-governmental secured claim listed above, the Debtor states that the value of the secured claim should be set out in the column headed Amount of Secured Claim. For secured claims of governmental units only, unless otherwise ordered by the Court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed above. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated above.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Section 6 of this plan. If the amount of a creditor's secured claim is listed above as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Section 6 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in Section 4.

The holder of any claim listed in Section 4 as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor or the estate until the earlier of:

(a) payment of the underlying debt determined under non-bankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

## Section 5:  Collateral to be Surrendered.

a. ☑ None. If none is checked, the rest of Section 5 need not be completed or reproduced.

## Section 6:  Nonpriority Unsecured Claims.

6.1 Nonpriority Unsecured Claims Not Separately Classified.

Allowed nonpriority unsecured claims will be paid pro rata with payments to commence after priority unsecured claims are paid in full.

a. ☑ The estimated dividend to nonpriority unsecured claims is **0** %.

b. ☐ The minimum sum of $_____ will be paid pro rata to nonpriority unsecured claims due to the following:

☐ Liquidation Value

☐ Disposable Income

☐ Other

6.2 Separately Classified Nonpriority Unsecured Claims.

a. ☑ None. If none is checked, the rest of Section 6.2 need not be completed or reproduced.

## Section 7:  Executory Contracts and Unexpired Leases.

a. ? None. If none is checked, the rest of Section 7 need not be completed or reproduced.

b. X Executory Contracts and Leases to be Rejected.

| Creditor | Nature of Lease or Contract |
|---|---|
| Sprint | Cell phone contract |

c.   ?   Executory Contracts and Leases to be Assumed.

| Creditor | Nature of Lease or Contract | Monthly Payment | Payment by Debtor or Trustee | Arrearage Amount | Arrearage Paid by Debtor or Trustee | Monthly Payment on Arrearage |
|---|---|---|---|---|---|---|
| | | $ | | $ | | $ |

a.   ☐ None.  If none is checked, the rest of Section 7 need not be completed or reproduced.

b   X   Executory Contracts and Lease to be rejected.

**Section 8:**   Local Standard Provisions.

8.1  a. The Trustee shall collect and disburse payments in accordance with the plan.
   b. Proofs of claim must be filed to receive disbursements pursuant to the plan.  Any claim to be paid as secured must contain evidence of a properly perfected lien on property of the estate.  If a claim is listed as secured and the creditor files an unsecured claim, the claim will be treated as unsecured.
   c. Any creditor holding an allowed secured claim and to whom the Debtor is surrendering property under the order confirming plan is granted relief from the automatic stay as to the property and relief from any co-debtor stay so the creditor may obtain possession and liquidate the property.  Any net proceeds, after payment of liens and costs of liquidation, are to be forwarded to the Trustee.
   d. All payments being made by the Trustee on any claim secured by real or personal property shall terminate upon the lifting of the automatic stay with respect to the affected property.
   e. Notwithstanding the allowance of a claim as secured, all rights under Title 11 to avoid liens are reserved and confirmation of the plan is without res judicata effect as to any action to avoid a lien.
   f. Notwithstanding 11 U.S.C. § 1327(b), all property of the estate as specified by 11 U.S.C. §§ 541 and 1306 shall continue to be property of the estate following confirmation until the earlier of discharge, dismissal, or conversion of the case.
   g. Confirmation of the plan shall not prejudice the right of the Debtor or Trustee to object to any claim.
   h. The Debtor must promptly report to the Trustee and must amend the petition schedules to reflect any significant increases in income and any substantial acquisitions of property such as inheritance, gift of real or personal property, or lottery winnings.

8.2  THE FOLLOWING ADDITIONAL PROVISIONS ARE APPLICABLE TO THE HOLDER OR SERVICER ("HOLDER") OF A CLAIM SECURED BY A DEED OF TRUST, A MORTGAGE OR SECURITY INTEREST IN REAL PROPERTY, OR A MOBILE HOME THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE:

   a. The Holder, upon confirmation, is precluded from imposing late charges or other default related fees based solely on pre-confirmation default.

   b. If the Trustee is disbursing ongoing monthly installment payments, the Holder must apply each ongoing payment to the month in which the payment is designated.

   c. For any loan with an escrow account, the Holder must prepare and must send an escrow analysis annually to the Debtor, the Trustee and the Debtor's attorney.  The first escrow analysis must be filed with the proof of claim in accordance with Bankruptcy Rule 3002.1.  The escrow analysis should not include any amounts that were included or should have been included in the arrearage claim.

   d. The Holder shall continue to send monthly statements to the Debtor in the same manner as existed pre-petition and such statements will not be deemed a violation of the automatic stay.

   e. The Holder is required, upon request, to provide account information to the Trustee within 21 days of the request and failure to provide a timely response may result in an order requiring the Holder to appear and show cause as to why Holder should not be sanctioned for failure to comply.

   f. Nothing herein shall modify Holder's responsibilities under Bankruptcy Rule 3002.1.

    g. Unless the Court orders otherwise, an order granting a discharge in the case shall be a determination that all pre-petition and post-petition defaults have been cured and the account is current and reinstated on the original payment schedule under the note and security agreement as if no default had ever occurred.

    h. PENALTY FOR FAILURE OF HOLDER TO COMPLY WITH THE REQUIREMENTS OUTLINED IN BANKRUPTCY RULE 3002.1. Without limitation to the Court's authority to afford other relief, any willful failure of the Holder to credit payments in the manner required by Bankruptcy Rule 3002.1 or any act by the creditor following the entry of discharge to charge or collect any amount incurred or assessed prior to the filing of the Chapter 13 Petition or during the pendency of the Chapter 13 case that was not authorized by the order confirming plan or approved by the Court after proper notice, may be found by the Court to constitute contempt of Court and to be a violation of 11 U.S.C. § 524(i) and the injunction under 11 U.S.C. § 524(a)(2).

**Section 9:**     Nonstandard Plan Provisions.

    a.     ☑ None. If none is checked, the rest of Section 9 need not be completed or reproduced.

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in MDNC Local Form 113, other than any nonstandard provisions included in Section 9.

Signature(s):

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

| /s/ Kenneth Earl Kirkus | /s/ Brenda Kay Kirkus |
|---|---|
| **Kenneth Earl Kirkus** | **Brenda Kay Kirkus** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed on  **December 13, 2018** | Executed on  **December 13, 2018** |
| mm/dd/yyyy | mm/dd/yyyy |

/s/ John A. Meadows                                     Date: **December 13, 2018**
**John A. Meadows 13237**
Signature of Attorney for Debtor(s)

Address: **Meadows and Aderhold, PA**
         **2596-C Reynolda Rd.**
         **Winston Salem, NC 27106**
Telephone: **336-723-3530**
State Bar No: **13237 NC**

UNITED STATES BANKRUPTCY COURT
Middle District of North Carolina

In re: **Kenneth Earl Kirkus**                )   Case No.
       **Brenda Kay Kirkus**                  )
       **157 Evergreen Circle**               )
                  (address)                   )
       **Lexington NC 27292-0000**            )   CHAPTER 13 PLAN
SS# XXX-XX- **xxx-xx-4004**                   )
SS# XXX-XX- **xxx-xx-4129**                   )
                                              )
                  Debtor(s)                   )

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Notice to Creditors and Proposed Plan was served by first class mail, postage prepaid, to the following parties at their respective addresses:

**Reid Wilcox**
**Clerk of Court**
**U.S. Bankruptcy Court**
**Middle District of North Carolina**
**P.O. Box 26100**
**Greensboro, NC 27402**
**Kathryn L. Bringle**
**Chapter 13 Trustee**
**Winston-Salem Division**
**Post Office Box 2115**
**Winston-Salem, NC 27102-2115**

 **Alpat Company**
 **P.O Box 1689**
 **OK 74590**
 **American Infosource LP as agent for**
 **P.O. Box 268941**
 **Oklahoma City, OK 73126**
 **Capital One Bank, N.A.**
 **Attention: Officer**
 **4851 Cox Rd.**
 **Glen Allen, VA 23060**
 **Convergent**
 **800 SW 39 St.**
 **Renton, WA 98057**
 **Cornerstone Health**
 **P.O. Box 580063**
 **Charlotte, NC 28258-0063**
 **Credit Bureau**
 **P.O. Box 26140**
 **Greensboro, NC 27402**
 **Davidson County Tax Collector**
 **P.O. Box 1577**
 **Lexington, NC 27293**
 **Directv**
 **P.O. Box 11732**
 **Newark, NJ 07101**
 **Duke University Health**
 **5213 South Alston Ave.**
 **Durham, NC 27713**
 **Employment Security Commission**
 **Attn: Bankruptcy**
 **P.O. Box 26504**
 **Raleigh, NC 27611**
 **Enhanced Recovery**
 **P.O. Box 57547**
 **Jacksonville, FL 32241**

**Federal Financial Services, Inc.**
**Attention: Officer**
**203 Knollwood Dr.**
**Elkin, NC 28621**

**Federal Financial Services, Inc.**
**Attn: Officer**
**116 East Market St.**
**Elkin, NC 28621**

**First Point Collection**
**P.O. Box 26140**
**Greensboro, NC 27402**

**Franklin Collection Service**
**2978 W. Jackson Street**
**Tupelo, MS 38803**

**Greensboro Radiology PA**
**1331 N. Elm Street, Ste. 1B**
**Greensboro, NC 27401-1023**

**High Point Radiology Services, PA**
**1317 N,. Elm Street, Suite 1B**
**Greensboro, NC 27401**

**High Point Regional**
**Premier Surgery Center**
**4515 Premier Dr., Suite 102**
**High Point, NC 27265**

**Interstate Collections**
**711 Coliseum Plaza Ct.**
**Winston Salem, NC 27106**

**IRS**
**P.O. Box 21126**
**Philadelphia, PA 19114**

**Medical Data Systems**
**d/b/a Medical Revenue Service**
**1374 S. Babcock St.**
**Melbourne, FL 32901**

**Medical Data Systems**
**1374 S. Babcock St.**
**Melbourne, FL 32901**

**Medical Data Systems**
**d/b/a Medical Revenue Service**
**755 E. Nasa Blvd.**
**Melbourne, FL 32901**

**NC Department of Revenue**
**P.O. Box 1168**
**Raleigh, NC 27640**

**Nikki Kimbrall**
**c/o Shaprio and Ingle**
**10130 Perimeter Parkway, Suite 400**
**Charlotte, NC 28216**

**Novant Health**
**c/o RCS Whitehall**
**P.O. Box 30143**
**Charlotte, NC 28230**

**Novant Health Thomasville Medical**
**P.O. Box 11549**
**Winston Salem, NC 27116**

**Novant Health-Rowan Regional Medical**
**P.O. Box 11549**
**Winston Salem, NC 27116**

**Novant Physicians**
**P.O. Box 602584**
**Charlotte, NC 28260**

**PMAB**
**P.O. Box 12150**
**Charlotte, NC 28220**

**Regional Management Corporation**

P.O. Box 776
Mauldin, SC 29662

**Select Portfolio Servicing**
**Attention: Officer**
**P.O. Box  62250**
**Salt Lake City, UT 84165-0250**

**Servpro of Lexington Thomasville**
**930 S. Salisbury St.**
**Lexington, NC 27292**

**Southern Credit Adjusters, Inc.**
**2420 Professional Dr.**
**Rocky Mount, NC 27804**

**Springleaf Financial**
**P.O. Box 64**
**Evansville, IN 47701-0064**

**Stern Recovery Services, Inc.**
**P.O. Box 14899**
**Greensboro, NC 27415**

Sprint
6200 Sprint Parkway
Overland Park, KS  66251

**US Bank National Association**
**c/o Select Portfolio, Inc,, Servicer**
**Attention:  Officer**
**3217 S. Decker Lake Dr**
**Salt Lake City, UT 84119**

**Verizon**
**Bankruptcy Dept**
**P.O. Box 3397**
**Bloomington, IL 61702**

**Wake Forest Baptist Health**
**Lexington Medical Center**
**P.O. Box 1817**
**Lexington, NC 27293**

Date  **December 13, 2018**      /s/ John A. Meadows
                                  John A. Meadows 13237